## Brattle agt. Knight etc.

Cap$^{tn}$ Thomas Brattle plaint. ag$^t$ Richard Knight adm$^r$ to the Estate of John Paine dec$^d$ and Oliver Purchis or either of them Defend$^{ts}$ according to attachm$^t$ dat$^d$ april: 18° 1677: The attachm$^t$ being read m$^r$ Knight objected ag$^t$ the proceeding, for that hee was put in by the Court to administer in behalfe of all the Credito$^{rs}$ and Commission$^{rs}$ were appoint$^d$ for the receiving of the claimes of the Credito$^{rs}$ to that Estate and m$^r$ Brattle refuseing to proceed ag$^t$ m$^r$ Purchis severally The Court granted a nonSute: The plaint. appealed from this judgem$^t$ unto the next Court of Assistants & himselfe principall in ten pounds, & m$^r$ Peter Bracket & Daniel Turell Senio$^r$ Sureties in £.5. apeice bound themselves respectiuely . . . on condition the s$^d$ Brattle should prosecute his appeale . . .

[ Among the papers filed with this case is the original bond by John Paine and Oliver Purchase, dated 30 January 1667, to pay Thomas Brattle 220*l* in case they do not deliver "fiue tunns & halfe of Good barr yron" to him (S. F. 1637.9); and also the following (S. F. 1637.5):

Thomas Brattle his Reasons of Appeale from the Judgem$^t$ of the County Court held in Boston the 24th of Aprill 1677: Jn an action by him brought against Richard Knight Administo$^r$ to the Estate of John Paine Deceased and Oliver Purchas or either of them

1st Because contrary to Law and practice of the same Court (where the Judges have beene unconcerned) the plaintife was denied proceedings against Richard Knight as administ<sup>r</sup> affores<sup>d</sup> or the Estate under his Administracion: Whereas m<sup>r</sup> Penn Townsend haveing at a County Court not long before by the same Judges proceedings granted against the Estate of Theoder Atkinson deceased: although the Same pleas were offred as a barr: which the s<sup>d</sup> M<sup>r</sup> Knight presented: the Hono<sup>rd</sup> Gover<sup>r</sup> then declaireing that the Committee were appointed to receive the claimes but not impowred to Order Satisfaction to the Credito<sup>r</sup>s and that he that could first obtaine Judgem<sup>t</sup> ought first to have Satisfaction: according to which assertion; Presedent, and common Reason: (there being then no Law to the Contrary) the appealant ought to have had Judgem<sup>t</sup> and Execution granted as well as the sd Townesend in his case afforementioned: as also the practice of the County Court at Jpswitch in a case betweene m<sup>r</sup> Winthrop and the s<sup>d</sup> Knight as administo<sup>r</sup> affores<sup>d</sup>: when s<sup>d</sup> Winthrop was denyed proceeding at the County Court in Boston: yet there had Judgem<sup>t</sup> and Execution granted him on the Estate of the Said John Paine: there being no Law to hinder him; or the said Appellant

2<sup>ly</sup> Because the Appellant conceives that sundry of the Judges are Credito<sup>r</sup>s to the Estate of the said John Paine: And so could not permitt the Appellant: due Legall proceeding, but to the prejudice of their owne Jntrests: and Diminution of the satisfaction that they Expected from the said Estate: if the same should prove insolvant

And therefore contrary to our first fundamentall Law: which Sayth: that no person shall suffer either in his person or Estate unless by vertue of some Express law: &c: The Plaintife refuseing to remitt his Sute to the Said Estate he was Nonsuted & so Justice contrary to Law deferred

All which the Appellant humbly leaves to Consideracion craveing that he may be permitted to proceed in his case now and have Judgem<sup>t</sup> as he ought to have had at the County Court and that he may not be barred by a Law which then had no being: to which Law after he hath had due proceedings by Judgem<sup>t</sup> and Execution he shall so farr as obliged reddyly Subject his Jntrest: who is

Yo<sup>r</sup> Hono<sup>r</sup>s humble Serv<sup>t</sup>

Tho: Brattle

These Reasons were received Aug<sup>o</sup> 30th 1677

per: Js<sup>a</sup> Addington Cler

The jury of the Court of Assistants (Records, i. 100–101) found for Brattle "the forfeiture of the bond of two hundred and twenty pounds sterling according to bond & Costs of Courts," but it was also ordered that no judgment should pass nor execution be granted against Knight as administrator until there should have been an orderly division of the estate "among the creditors thereto as the law hath provided refferring to non solvent estates." This law had just been passed at the May session, 1677; it will be found in William H. Whitmore, The Colonial Laws of Massachusetts, reprinted from the Edition of 1672, with the Supplements (1887), p. 250.

Shortly afterwards we find the following entry in the Records of the Court of Assistants (i. 103):

Whereas Captaine Thomas Bratle contrary to lawe in his reasons of Appeale presented & by him owned in this Court in prosecution of his Appeale against the Administrato$^r$ to the estate of John Payne doth highly reflect vpon the Hono$^r$ of the County Court of Suffolke that barred his plea & granted non suite as donn wholly vpon self Interes$^t$ & for the obteinment of their owne claymes and contrary to law and this after this Courts sence given thereabouts and time Allowed him for a Just resentment thereof which yet by his petition he rather deffends then otherwise The Court doth therefore sentence him to be dischardged from his Comission as Comissione$^r$ in the Towne of Boston & pay one hundred pounds mony & stand comitted vntill his sentenc be performed

The following undated petition of Thomas Brattle (S. F. 1637.4) seems to follow this action:

To y$^e$ Hon$^r$ble y$^e$ Court of Assistants The Humble Petition of Thomas Brattle

May it please yo$^r$ Hon$^{rs}$ to Consider That in all Circumstances M$^r$ Pen Townsends Case & his were Parrelell as yo$^r$ Petition$^r$ & many others humbly Conceive

1$^t$ The one Sues y$^e$ Adm$^{rs}$ & Surety & soe doth y$^e$ other

2$^d$ It is pleaded ag$^t$ Pen Townsend y$^t$ y$^e$ Estate was Jnsolvent & soe it proves But it could not hinder his proceedings Answer being made y$^t$ if Atkinsons Estate were Jnsolvent M$^r$ Shrimpton y$^e$ Adm$^r$ was Sufficient

3$^d$ As in one case it was pleaded y$^t$ a Committee was appointed to Receive y$^e$ Clayms soe was it pleaded in y$^e$ other

Wherefore yo$^r$ Pet$^r$ humbly Conceives He might Safely bring y$^e$ County Court a p$^r$sident of their owne soe lately passd or without offence or Suspition of Refle[x]ions & Jnsist vpon y$^e$ same heer And Whereas yo$^r$ Pet$^r$ in his Reasons Seems to Reflect vpon y$^e$ Judges as Cred$^{rs}$ & persons Concerned the Law forbids Relacions to Common Reason partyes Concerned to be Judges of Another mans Case, & Such Reasons have frequently been given and Exeptions ag$^t$ Judges & Judgm$^{ts}$ without offence to y$^e$ other Judges But if in y$^e$ manner of Expression anything hath Escaped y$^t$ is Justly Grievous to any of y$^e$ former or p$^r$sent Judges J Crave y$^t$ my words may have a Candid Jnterpretacion my Jntencion being onely to Vindicate my Cause not to Asperse y$^e$ Judges whom J am obliged to hon$^r$

But if my offence seems such as may merit further Animadversion or any Juditiall Sentence My humble desire is y$^t$ my Charge may be Legally formed & Reasonable time Given for my Defence & y$^e$ Matter of Fact According to Law Committed to A Jury for Tryall — & yo$^r$ Pet$^r$ shall Ever pray &c

Tho Brattle.

By August 9, 1680, Thomas Brattle was again serving as Commissioner of the Town of Boston (Records of the Court of Assistants, i. 168).]